FILED 05 JUN 27 16:46 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT JEROME BYERS,                                       CV. 05-6133-HU

          Plaintiff,                                      ORDER

    v.

MARY ANN BEARDEN, et al.,

          Defendants.

HUBEL, Magistrate Judge

    Plaintiff, an inmate at the Oregon State Penitentiary, has filed a document entitled "Writ of Coram Nobis and Federal Law Violations and Constitutional Law Violations Civil Rights Violations" (#1). Plaintiff seeks money damages and his release from confinement.[1] I construe the pleading to be a civil rights complaint.

    A prisoner is prohibited from proceeding in a civil action without full prepayment of filing fees if the prisoner has, on three or more prior occasions, while incarcerated or detained in

---

[1] Plaintiff is advised that to the extent he seeks release from state confinement, habeas corpus is his exclusive federal remedy. <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 488-90 (1973).

1 -- ORDER

any facility, brought an action in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Plaintiff, while incarcerated or detained, has had the following actions dismissed by this court for failure to state a claim: (1) Byers v. Eugene Police, Civ. No. 04-439-ST; (2) Byers v. Register Guard, Civ. No. 04-438-HU; and (3) Byers v. Sacred Heart Medical Center, Civ. No. 04-6178-JE. In the instant proceeding, plaintiff does not allege that he is under imminent danger of serious physical injury. Accordingly, plaintiff is prohibited from proceeding with this action without full prepayment of the filing fee.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that plaintiff shall submit the $250.00 filing fee within 30 days from the date of this order. Plaintiff is advised that failure to submit the filing fee shall result in the dismissal of this action.

Plaintiff is further advised, however, that if he pays the requisite filing fee and proceeds with this action, it shall be subject to dismissal on the basis that it implicates that legality of his confinement. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (in order to recover damages for harm caused by actions

whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed, expunged, declared invalid or called into question by a federal court's issuance of a writ of habeas corpus).

IT IS SO ORDERED.

DATED this 27th day of June, 2005.

_____
Dennis J. Hubel
United States Magistrate Judge